## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENERGY & ENVIRONMENT LEGAL INSTITUTE | ) | |
| 722 12th St., NW, 4th Floor | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1868 |
| | ) | |
| UNITED STATES DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES | ) | |
| 200 Independence Avenue, S.W. | ) | |
| Washington, D.C. 20201 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") for its complaint

against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

   compel production of records in response to three FOIA requests to two components of

   HHS, the National Cancer Institute ("NCI") and the National Institute for Health

   ("NIH").

2. HHS has improperly denied the requests by failing to provide an initial determination in

   accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d

   180 (D.C. Cir. 2013).

1

3. Plaintiff requested fee waivers for all three as provided by FOIA, due to the public interest in the information the records address and, expressly in the alternative, the media and educational status of each requester.

4. Plaintiffs have received fee waivers by federal agencies because they are media outlets, and have received fee waivers by federal agencies on the very same substantive issue for reasons of the public interest at issue.

5. NCI acknowledged receipt of two of plaintiffs requests, but did not assign either a FOIA number nor did it respond to the fee waiver request.

6. NCI has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiffs could expect a response.

7. NIH has not acknowledged receipt of the FOIA request.

8. HHS therefore has failed to properly respond to any of plaintiff's request.

9. Accordingly, plaintiff files this lawsuit to compel the HHS to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

10. Plaintiff Energy & Environment Legal Institute ("E&E Legal") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC.  E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy.  E&E Legal's programs include analysis, publication, and a transparency initiative seeking public

records relating to environmental and energy policy and how policymakers use public resources.

11.  Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies including the National Institutes of Health (NIH) and National Cancer Institute (NCI).

## JURISDICTION AND VENUE

12.  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiffs and the defendant all maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

13.  Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

14.  On May 15, 2017 plaintiff submitted two FOIA requests to NCI, each seeking copies of specifically numbered grants and contracts signed or approved by components of HHS. (see Exhibits 1 & 2).

15.  On August 8, 2017 plaintiff submitted  a request to NIH via email at nihfoia@mail.nih.gov seeking public records with specified keywords. (see Exhibit 3).

### Defendant's Reply and Subsequent Proceedings

16.  On Monday May 15, following the submission of the FOIA requests, counsel for plaintiff was informed via email by Timothy Sweeney, Freedom of Information Specialist at NCI that the request were being combined and placed on the complex track, and indicated that plaintiff would need to narrow the requests if it wished the requests to be placed on the simple track.

17.  On Wednesday, May 17, 2017 Mr. Sweeney contacted counsel for plaintiff via email to request that portions of the combined requests be withdrawn based upon his belief that they should be submitted to a different component of HHS. However plaintiff declined to withdraw the FOIA request.

18.  On Thursday May 25, NCI tolled the deadline in order to receive more information regarding the requester in order to process the fee waiver. Counsel for plaintiff immediately responded with the requested information, terminating the tolling of the deadline, the response Mr. Sweeney acknowledged receiving.

19.  Since then no further communicating regarding the requests has been provided, including a determination regarding the fee waives, the assignment of a FOIA number to track the request, nor any other hallmark indicating that the request was being processed.

20.  Now more than sixteen weeks past its deadline, NCI has provided no records, or substantive response of any kind. It has failed to provide a schedule of production and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

21. NIH never acknowledged the receipt of the August 8, 2017 FOIA request, nor assigned it a FOIA number.

22. NIH has further records, or substantive response of any kind. It has failed to provide a schedule of production and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

23. Such a responsive by NIH was due September 6, 2017.

24. By failing to respond to plaintiff's request in the required time in violation of statutory deadlines, as well as declining to respond to plaintiffs' request for fee waiver defendant has also waived any ability to now seek fees.

25. Plaintiff has constructively and actually exhausted the administrative process as regards this request, because of the components of HHS's failure to abide by FOIA's statutory deadlines, and because NCI has not properly advised plaintiffs of the finality of its decisions or any relevant appellate rights.

## ARGUMENTS

26. Transparency in government is the subject of high-profile executive branch promises arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

27. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir.

2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

28. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  HHS did not seek additional information from plaintiffs regarding the request at issue in this suit.

29. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

30. Defendant HHS owes plaintiffs records responsive to the requests at issue in this suit, which request reasonably described the information sought and was otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to

provide responsive records or any substantive response in violation of statutory
deadlines.

31.   Further, plaintiff notes that defendant has waived fees and/or waived its ability to assess
fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiffs within the
statutory deadline(s).  The HHS, therefore, has waived all fees and must produce the
requested documents as required by law.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

32.   Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

33.   Plaintiff has sought and been denied production of responsive records reflecting the
conduct of official business, because defendant has failed to substantively respond
pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180
(D.C. Cir. 2013).

34.   Plaintiff asks this Court to enter a judgment declaring that:

    a.   The HHS's correspondence as specifically described in plaintiff's FOIA
requests described, *supra*, and attached as exhibits, is subject to release under
FOIA;

    b.   The HHS must release those requested records or segregable portions
thereof subject to legitimate exemptions;

    c.   The HHS may not assess or seek costs and fees for the request at issue in
this case, as plaintiffs are entitled to a waiver of their fees.

**SECOND CLAIM FOR RELIEF**
**Seeking Injunctive Relief**

35. Plaintiff re-alleges paragraphs 1-34 as if fully set out herein.

36. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

37. Plaintiff asks the Court to order the defendant to produce to plaintiffs, within 10 business days of the date of the order, the requested records described in plaintiffs' FOIA request, subject to legitimate withholdings.

38. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholds and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

39. Plaintiff re-alleges paragraphs 1-38 as if fully set out herein.

40. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

41. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

42. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff request the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 12th day of September, 2017,

By Counsel:

_____
Chaim Mandelbaum, Esq.
D.D.C. Bar No. VA 86199
726 N. Nelson St, Suite 9
Phone: (703) 577-9973
chaim12@gmail.com